THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHNNIE BONDS,

                    Plaintiff,

              -against-

POLICEMAN ALLEN, SUFFOLK COUNTY
POLICE DEPARTMENT, CORRECTIONS
OFFICER STOCKLY, and SUFFOLK COUNTY
SHERIFF'S DEPARTMENT,

                    Defendants.
----------------------------------------------------------------X

**ORDER**
**08-CV-1202 (SJF) (ARL)**

FEUERSTEIN, J.

I.    Introduction

On March 21, 2008, *pro se* plaintiff Johnnie Bonds ("plaintiff") filed a complaint ("the complaint") against police officer Allen ("Allen"), corrections officer Stockly, and the Suffolk County Police Department and Sheriff's Department (collectively "County defendants)" alleging violations of 42 U.S.C. § 1983 ("section 1983"). On July 28, 2008, plaintiff filed an amended complaint ("the amended complaint")asserting claims of "breach of duty to protect," "failure to administrate adequate medical remedy," and "civil rights violations" pursuant to section 1983 and the New York State Constitution. Amend. Compl. ¶¶ 23-33. On December 17, 2010, the County defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure which were unopposed. On January 7, 2011, the County defendants filed *pro se* plaintiff's untimely opposition. For the following reasons, the County defendants' motion is granted and the federal claims against all defendants are dismissed.

II. Background

    A. Plaintiff's Allegations

Plaintiff alleges that, on November 17, 2005, he was a prisoner in the custody of the County defendants, Amend. Compl. ¶ 4, and was taken to the "District Court Building in Central Islip" from a Suffolk County correctional facility. *Id.* ¶ 6. While plaintiff was in a "holding-pen," Allen "directed and asked" a corrections officer to open the gate, entered the area, and "started to grasp" plaintiff, yelled at him, and kicked and punched him in the knee and face "numerous times." *Id.* ¶¶ 7, 11, 12. Plaintiff was then taken to female holding areas where "other (et. al.) defendants" threw him on the floor, and assaulted him by choking and hitting him, pulling on his arms, and stepping on his legs and back. *Id.* ¶ 15.

When he returned to the county correctional facility, plaintiff requested medical attention, and the staff gave him pain medication, but "refused to log reason(s) [he] gave as to nature of [his] injurie(s) [sic]" *Id.* ¶¶ 18-19.

Plaintiff alleges that he "contacted" the Internal Affairs bureaus of the County defendants, and "entered [a] formal complaint." *Id.* ¶ 20. Plaintiff also began "a very long and extensive letter writing campaign" and sent letters to attorneys and federal and state law enforcement agencies. *Id.* ¶ 21. Plaintiff also states that he sent "notice" of his claim to the Suffolk County attorney's office. *Id.* ¶ 22. In the complaint, plaintiff states that he did not avail himself of the grievance procedure of the correctional facility because "relief(s) can't be granted upon grievance procedure(s)." Compl. § II.

III. Discussion

   A.   Legal Standard

Summary judgment should not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (citations and quotation marks omitted). "A fact is material when it might affect the outcome of the suit under governing law." Id. An issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Koch v. Town of Brattleboro, VT, 287 F.3d 162, 165 (2d Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required under Rule 56(e) to set forth specific facts showing that there is a genuine issue of material fact to be tried. If the nonmoving party does not so respond, summary judgment will be entered against

him." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (citations omitted). The nonmoving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." Id. at 532-33 (quotations and citations omitted).

B. The Prison Litigation Reform Act (the "PLRA")

The PLRA bars a prisoner in any jail, prison or correctional facility from initiating an action "with respect to prison conditions under section 1983 . . . or any other Federal law" without exhausting available administrative remedies. 42 U.S.C.A. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516; see also Ruggiero v. County of Orange, 467 F.3d 170, 173 (2d Cir. 2006). The "PLRA exhaustion requirement requires proper exhaustion," pursuant to the rules of the grievance procedure. Woodford v. Ngo, 548 U.S. 81, 93 (2006); Espinal v. Goord, 558 F.3d 119 (2d Cir. 2009). An informal complaint is not sufficient to meet this requirement. Ruggiero, 467 F.3d at 177-78 (citing Marvin v. Goord, 255 F.3d 40 (2d Cir. 2001)).

C. Analysis

Suffolk County Correctional Facility has a formal grievance procedure to address inmate

4

complaints. *See* Affidafit of Matthew Bogert, County defendants' Motion, Exhibit D ("Bogert Aff.") ¶ 3; *see also* 7 N.Y.C.R.R. § 701.1 *et seq.*; N.Y. Corr. Law § 139. The grievance policy of the New York State Commission of Corrections is provided to each incoming inmate in an inmate handbook. Bogert Aff. ¶¶ 4-5; County defendants' Motion, Exhibit F. It requires an inmate to complete a grievance form and file it at the facility within five (5) days of the incident. County defendants' Motion at Exhibit F.

The County defendants have provided evidence, and plaintiff does not dispute, that he did not file a grievance at the Suffolk County jail. *See* Bogert Aff. ¶ 6. Plaintiff admits that he did not exhaust the grievance procedures available, and the complaint, the amended complaint, and plaintiff's opposition papers do not allege that the grievance procedure was not available to him or that he availed himself of it prior to initiating this action. As plaintiff has not demonstrated a genuine issue of material fact, the County defendants' motion is granted.

D. Defendant Allen

In an action brought with respect to prison conditions under section 1983, the court may dismiss an action on its own motion if it "is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C.A. § 1997e(c)(1); see also Wachtler v. County of Herkimer, 35 F.3d 77 (2d Cir. 1994) (may dismiss a complaint for failure to state a claim *sua sponte* so long as plaintiff has had notice and a reasonable opportunity to respond). The County defendants challenged plaintiff's federal claims on the ground of the PLRA exhaustion

requirement in their motion for summary judgment. Plaintiff's opposition to that challenge was filed on January 7, 2011. Plaintiff did not establish or allege that he had satisfied the exhaustion requirement with respect to the substance of his claims. Throughout the complaint, amended complaint, and opposition, plaintiff seeks to hold all parties liable for the same alleged actions of Allen and the corrections officers. As plaintiff has had notice and a reasonable opportunity to argue that his claims were exhausted, and has not supported any claim that they have, the federal claims against Allen are *sua sponte* dismissed.

E. Pendent State Law Claims

In the absence of related federal claims, the Court does not have jurisdiction over the pendent state law claims. "Federal courts, absent exceptional circumstances, should abstain from exercising pendent jurisdiction when federal claims in a case can be disposed of by summary judgment." Walker v. Time Life Films, Inc., 784 F.2d 44 (2d Cir. 1986); see also Kavit v. A. L. Stamm & Co., 491 F.2d 1176 (2d Cir. 1974). The Court declines to exercise pendent jurisdiction over the remaining claims. As the complaint is dismissed, the Court need not decide the additional arguments in the County defendants' motion.

IV. Conclusion

The County defendants' motion for summary judgment is granted, the federal claims against all defendants are dismissed with prejudice, and the state law claims against all

defendants are dismissed without prejudice.

The Clerk of the Court is directed to close the case.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 3, 2011
       Central Islip, New York